IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON
DEC - 8 2014

PER _____

DEPUTY CLERK

ANTHONY SALTALAMACCHIA,  :
      Plaintiff        :
                      :    CIVIL NO. 3:14-CV-0868
    v.              :
                      :    (JUDGE NEALON)
JOHN WENTZEL, ET AL.,     :    (M.J. MEHALCHICK)
      Defendants    :

## MEMORANDUM

On May 6, 2014, Plaintiff, Anthony Saltalamacchia, an inmate currently

confined at the State Correctional Institution at Pine Grove in Indiana,

Pennsylvania, filed a complaint pursuant to 42 U.S.C. § 1983 for a series of events

that allegedly occurred at his prior place of incarceration at the State Correctional

Institution at Rockview ("SCI-Rockview") located in Bellefonte, Pennsylvania.

(Doc. 1).  Plaintiff asserts federal civil rights claims and state law claims against

forty-eight (48) Defendants, whom all seemingly are employed by the

Pennsylvania Department of Corrections ("DOC"), based on a series of events that

Plaintiff alleges violated the Eighth Amendment excessive force, conditions of

confinements, failure to intervene, and failure to protect provisions; the First

Amendment retaliation clause; and the Fourteenth Amendment equal protection

clause; and other state law violations.  (Doc. 1).  Plaintiff filed a motion for leave

to proceed in forma pauperis ("IFP") on May 6, 2014.  (Doc. 2).  On July 28, 2014,

Magistrate Judge Karoline Mehalchick issued a Report and Recommendation

("R&R"), in which it is recommended, as will be explained in more detail infra,

that some of Plaintiff's claims be dismissed with prejudice, some be dismissed

without prejudice, and some be permitted to proceed.  (Doc. 17, pp. 37-39).  In

conclusion, Magistrate Judge Mehalchick recommends that Plaintiff be directed to

file one (1) complete amended complaint that includes both the claims that are

permitted to proceed and those that are dismissed without prejudice that Plaintiff

seeks to amend.  (Id. at 39).

On August 8, 2014, Plaintiff filed objections.  (Doc. 9).  For the reasons set

forth below, the R&R will be adopted in part and denied in part.

## STANDARD OF REVIEW

When objections to a report and recommendation have been filed under 28

U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those

portions of the report to which specific objections are made.  See Goney v. Clark,

749 F.2d 5, 67 (3d Cir. 1984).  The written objections must "specifically identify

the portions of the proposed findings, recommendations or report to which

objection is made and the basis for such objections."  M.D. Pa. Local Rule 72.3.

See also Henderson v. Keisling, 386 Fed. Appx. 164, 166 (3d Cir. 2010)

(explaining that "only those 'specific objections' made by [the plaintiff] must be

2

separately considered by the District Court"). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); M.D. Pa. Local Rule 72.3.

## DISCUSSION

Initially, Magistrate Judge Mehalchick explains that the "Court is obligated, prior to service of process, to screen a civil complaint in which a prisoner is seeking redress from a governmental entity or office or employee of a governmental entity." (Doc. 7, p. 1). Pursuant to 28 U.S.C. § 1915A, a court must dismiss a complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted; or one that seeks monetary relief from a defendant who is immune. (Id. at 1-2); see also 28 U.S.C. § 1915(e). The Magistrate Judge determines that the statute's text mirrors the language in Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Id. at 2-4). The R&R then outlines the applicable pleading standards. (Id.), citing Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (stating that a court need not "accept legal conclusions set forth as factual allegations"); FED. R. CIV. P. 8 (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"). Magistrate

Judge Mechalchick states that the court must accept as true all allegations in the complaint and construe all reasonable inferences that can be drawn therefrom in the light most favorable to the plaintiff. (Doc. 7, p. 2), citing Jordan v. Fox Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994)).

Magistrate Judge Mehalchick then discusses the factual background of the case. (Id. at 4-6). Plaintiff alleges that, while incarcerated in the A unit at SCI-Rockview, Defendant Hall and two (2) other inmates conspired to rob him, and that he informed Defendants Walker, Granlund, Eaton, and Vance of these threats. (Id. at 4). Plaintiff contends that on July 22, 2012, Defendant CO A unlocked his cell door, and let inmate Hall and two (2) others into his cell, at which time Hall beat Plaintiff with a combination lock. (Id.). One (1) hour after this incident, Plaintiff was transported to medical, and Plaintiff alleges it was at this time that Defendants Brenda and Koltay did not document his injuries properly. (Id.). Plaintiff wrote a letter to the Office of Special Investigations and Intelligence ("OSII), and was placed into administrative segregation, the AC unit, from August 24, 2012 until January 15, 2013. (Id. at 5). Plaintiff alleges that he was attacked in the AC unit by Defendant Vangorder on November 4, 2012. (Id.). As a result, Plaintiff was moved to the medical housing unit, and remained there until December 3, 2012. (Id.). He claims that while he was there, Defendants

4

Vangorder and Taylor verbally harassed him. (Doc. 7, p. 5). Plaintiff alleges that once he was back in the AC unit, on December 5, 2012, Defendant Vangorder told Plaintiff's cellmate that Plaintiff was a "snitch," and he was assaulted by his cellmate as a result. (Id.). Plaintiff now brings his claims against forty-eight (48) Defendants. (Id. at 5-6).

In the R&R's Discussion section, Magistrate Judge Mehalchick sets forth the appropriate standards of review, and they are adopted. (Id. at 6-36). Ultimately, Magistrate Judge Mehalchick recommends that this Court: 1) grant Plaintiff's motion to proceed in forma pauperis; (2) dismiss with prejudice Plaintiff's claims against the DOC, OSII, and SCI-Rockview, the claims against all individually named Defendants in their official capacities, the claims against sixteen (16) Defendants based on their supervisory roles, the verbal harassment claims against Defendants Granlund, Bruno, Vangorder, Taylor, and the Eighth Amendment excessive force claim against Defendant CO A for failure to state a claim, Plaintiff's Eight Amendment deliberate indifference to a serious medical need claim against Defendant Williams, the Fourteenth Amendment due process claim for deprivation of personal property, the intentional infliction of emotion distress claim, the false light invasion of privacy claim against Defendant Bruno, and the state tort claim of civil conspiracy against eleven (11) named Defendants;

(3) dismiss without prejudice Plaintiff's claims against twelve (12) named

Defendants for lack of personal involvement, the Eighth Amendment failure to

protect claim against nineteen (19) named Defendants, the Eighth Amendment

deliberate indifference to a serious medical need claim against Defendants Brenda

and Koltay, the Eighth Amendment conditions of confinement claim against

sixteen (16) named Defendants, the Fourteenth Amendment equal protection claim

against twenty-two (22) named Defendants, the First Amendment retaliation claim

against Defendant AC Staff related to Plaintiff's personal papers being taken, the

negligent infliction of emotional distress claim, and the negligence claims; and (4)

permit to proceed Plaintiff's Eight Amendment excessive force claim against

Defendants Vandorder, Crawford, and Martin, the Eighth Amendment failure to

intervene claim against Defendant CO A, the Eighth Amendment claim against

Defendant Bruno for calling Plaintiff a "snitch," the First Amendment retaliation

claim against Defendants Lamas, Eaton, Vance, and Foster for placing him in

segregation, the First Amendment retaliation claim against Defendants Bruno and

Vangorder, and the assault and battery claim against Defendants Vangorder,

Crawford, and Martin.  (Doc. 7, pp. 37-39).

Plaintiff's first objection is that his claims against all individual Defendants

in their official capacities should be dismissed without prejudice with leave to

amend because "[t]his deficiency can be overcome by amending the complaint to include requested relief in the form of an injunction against all [D]efendants in their official capacities. <u>Kentucky v. Graham</u>, 473 U.S. 159, 167, n.14 (1985) (state officials can be sued in their official capacity for an injunction)." (Doc. 9, p. 1). However, Defendant's interpretation of the decision is incorrect. In <u>Kentucky v. Graham</u>, the United States Supreme Court held that suits against state officials in their official capacity be treated as suits against the State. 473 U.S. at 166. In <u>Will v. Michigan Dept. of State Police</u>, the United States Supreme Court held that States are not "persons" subject to suit under Section 1983. 491 U.S. 58, 65 (1989). Therefore, state officials acting or being sued in their official capacities are outside the class of persons subject to liability under Section 1983. <u>Hafer v. Melo</u>, 502 U.S. 21, 22-23 (1991). As such, if Plaintiff intends to sue these Defendants in their official capacities, he is barred from doing so in a Section 1983 suit because official capacity suits are treated as suits against the State, and a State is not a "person" for purposes of a Section 1983 suit. Therefore, Plaintiff's objection is overruled, and the claims against all Defendants in their official capacities will be dismissed with prejudice.

In his second objection, Plaintiff argues that the supervisory liability claims against Defendants Wentzel, Lamas, Horton, Granlund, Robinson, Eaton, Vance,

Foster, Walker, A unit staff, the Maintenance Supervisor, Varner, Rackovie, Kelischner, and CO A should be dismissed without prejudice because "[t]his deficiency can be overcome by alleging several facts including that the supervisory [D]efendants established and maintained a custom, policy or practice which directly caused [P]laintiff's harm under Section 1983." (Doc. 9, p. 1). Plaintiff argues that he should be given leave to amend his claim in order to be given the opportunity to meet the four-part supervisory liability test set out in Beers-Capitol v. Whetzel, 256 F.3d 120 (3d Cir. 2001).

> In Beers-Capitol, the Third Circuit Court of Appeals stated the following:

> Presented with these facts, we developed a four-part test, based on the Supreme Court's reasoning in City of Canton v. Harris, 489 U.S. 378, 103 L. Ed. 2d 412, 109 S. Ct. 1197 (1989), for supervisor liability on an Eighth Amendment claim for failure to properly supervise. Under this regime, to hold a supervisor liable because his policies or practices led to an Eighth Amendment violation, the plaintiff must identify a specific policy or practice that the supervisor failed to employ and show that: (1) the existing policy or practice created an unreasonable risk of the Eighth Amendment injury; (2) the supervisor was aware that the unreasonable risk was created; (3) the supervisor was indifferent to that risk; and (4) the injury resulted from the policy or practice.

256 F.3d at 129-30.  In the case at hand, Plaintiff is alleging supervisory liability of the above-named Defendants based on their potential involvement regarding violations of his Eighth Amendment conditions of confinement right.  In the

interest of construing the instant pro se prisoner complaint liberally, this Court

will sustain this objection, and allow Plaintiff to amend his supervisory liability

claims with respect to the above-named Defendants in relation to his Eighth

Amendment conditions of confinement claim.

In his third objection, Plaintiff contends that the verbal harassment claims

against Vangorder, Taylor, and Bruno should be dismissed without prejudice

because these claims "can be amended to state a claim of retaliation based on their

threats and verbal harassment as a result of [P]laintiff's protected activity against

them (grievances, complaints, lawsuits)."

However, as stated by Magistrate Judge Mehalchick:

> Verbal harassment or threats, without some reinforcing act
> accompanying them, do not state a constitutional claim.
> Robinson v. Taylor, 204 Fed. Appx. 155, 156 (3d Cir. 2006);
> Brown v. James, 2009 WL 790124, at *6-7 (M.D. Pa. Mar. 18,
> 2009). See also Murray v. Woodburn, 809 F. Supp. 383, 384
> (E.D. Pa. 1993) ("[Mere] harassment . . . is insufficient to state
> a constitutional deprivation."). As such to the extent Plaintiff
> seeks to state a constitutional claim against Granlund,
> Vangorder, Taylor, or Bruno for verbal harassment, it is
> recommended that these claims be dismissed with prejudice.

(Doc. 7, p. 11). Upon review of the complaint and the R&R, it is proper for these

verbal harassment claims to be dismissed with prejudice because these Defendants

made statements without a reinforcing act. Furthermore, it appears that Plaintiff is

9

arguing that his retaliation claims against these Defendants be dismissed without prejudice, rather than focusing on the verbal harassment claim.  However, with regards to Defendants Vangorder and Bruno, the R&R already recommends that Plaintiff's First Amendment retaliation claims against these Defendants be permitted to proceed.  Therefore, upon review of the record, Plaintiff's objection regarding the verbal harassment claims will be overruled.

In his final objection, Plaintiff claims that his Fourteenth Amendment claims against Wentzel, Lamas, Horton, Granlund, Robinson, Eaton, Vance, Walker, A unit staff, the Maintenance Supervisor, Pasquale, AC unit staff, Rackovan, Varnalce, Barnacle, Bruno, Vangorder, Martin, Crawford, and Brenda should be permitted to proceed without amendment because "[t]he Third Circuit has found that the specificity requirement does not require [P]laintiff to allege the identity and circumstances of those individuals who received more favorable treatment because requiring such would place a burden on plaintiff who has yet to have the opportunity for discovery." (Doc. 9, p. 2).

However, Magistrate Judge Mehalchick is correct that:

> Mere allegations of mistreatment without identification of the individuals who were treated differently will not support an equal protection claim.  See Hudson v. Coxon, 149 Fed. Appx. 118, 121 (3d Cir. 2005).  Instead, the plaintiff must allege "occasions or circumstances" of differential treatment.  Young

v. New Sewickley Twp., 160 Fed. Appx. 263, 266 (3d Cir.
2005).

(Doc. 7, p. 22).  Ultimately, Magistrate Judge Mehalchick recommends that

Plaintiff's equal protection claims be dismissed without prejudice with leave to

amend because Plaintiff failed to identify any similarly-situated individual that was

treated differently.  Rather, "he has stated conclusory allegations that he was treated

dissimilarly than other inmates without pointing to any specific circumstance or any

such individual." (Id. at 23).  A review of Plaintiff's complaint indicates that the

Magistrate Judge is correct that no such facts were provided, and therefore this

objection will be overruled.

Plaintiff makes no other specific objections to the R&R, and, except as stated,

it will be adopted.  Plaintiff will be directed to file an amended complaint, which

must include all the claims being permitted to proceed and any amended claims.

Plaintiff is advised that the "amended complaint must be complete in all respects."

Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992) (Conaboy, J.).  It must

be a new pleading which stands by itself without reference to the original complaint.

Id.  The amended complaint "may not contain conclusory allegations[;r]ather, it

must establish the existence of specific actions by the defendants which have

resulted in constitutional deprivations." Id. (citing Rizzo v. Good, 423 U.S. 362

(1976)). "The amended complaint must also be 'simple, concise, and direct' as required by the Federal Rules of Civil Procedure." Id. (citing FED. R. CIV. P. 8(e)(1)). "The allegations should be specific as to time and place, and should identify the specific person or persons responsible for the deprivation of his constitutional rights and what each individual did that led to deprivation of his rights." Williams v. Pa. Dep't. Of Corr., 2013 U.S. Dist. LEXIS 88367, *18 (M.D. Pa. 2013) (Caputo, J.) (citing Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009)).

## CONCLUSION

Upon review of the record, it is determined that Plaintiff's objections regarding the official capacity claims, the verbal harassment claims, and the equal protection claims will be overruled. Furthermore, Plaintiff's objection regarding the supervisory liability claims will be sustained. As such, Magistrate Judge Mehalchick's Report and Recommendation will be adopted in part and denied in part, and the case will be remanded to the Magistrate Judge for further proceedings.

A separate Order will be issued.

**Date**: December 8, 2014

_____
**United States District Judge**