**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ANTHONY SALTALAMACCHIA,   :    Plaintiff   : | |
| : | CIVIL NO. 3:14-CV-0868 |
| v.   : | |
| : | (JUDGE NEALON) |
| JOHN WENTZEL, ET AL.,   : | (M.J. MEHALCHICK) |
| Defendants   : | |

**MEMORANDUM**

On May 6, 2014, Plaintiff, Anthony Saltalamacchia, an inmate currently confined at the State Correctional Institution at Pine Grove ("SCI-Pine Grove") located in Indiana, Pennsylvania, filed a complaint pursuant to 42 U.S.C. § 1983 for a series of events that allegedly occurred at his prior place of incarceration at the State Correctional Institution at Rockview ("SCI-Rockview") located in Bellefonte, Pennsylvania. (Doc. 1). On July 28, 2014, Magistrate Judge Karoline Mehalchick issued a Report and Recommendation ("R&R"). (Doc. 7). On December 8, 2014, a Memorandum and Order was issued, adopting in part and rejecting in part the R&R's recommendations, dismissing the majority of Plaintiff's claims, and giving Plaintiff leave to amend his complaint. (Docs. 14 and 15). On January 5, 2015, Plaintiff filed an amended complaint. (Doc. 17). On February 17, 2015, Plaintiff filed a "motion for order," requesting that this Court order SCI-Pine Grove to provide Plaintiff with a typewriter, correction tape,

ribbons, and white-out, arguing that these materials are provided to inmates housed in the general population, but not to those in administrative custody, and that these materials were necessary because the use of the "security pen" was causing him pain. (Doc. 22). On February 19, 2015, Magistrate Judge Mehalchick issued an R&R, recommending that Plaintiff's motion be denied. (Doc. 23). On February 27, 2015, Plaintiff filed a response to the R&R, stating that "[t]his notice is to inform the court that I will not file a motion for reconsideration. . ." to the R&R issued February 19, 2015. (Doc. 24). For the reasons set forth, the R&R will be adopted, and the "motion for order" will be denied.

**STANDARD OF REVIEW**

When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report, under de novo or any other standard. 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 152 (1985). Nevertheless, the Third Circuit Court of Appeals has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied 484 U.S. 837 (1987). In the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects

the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.); Garcia v. I.N.S., 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating "the district court need only review the record for plain error or manifest injustice"). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); M.D. Pa. Local Rule 72.3.

## DISCUSSION

Initially, Magistrate Judge Mehalchick outlines the procedural history of the case, and summarizes the "motion for order." (Doc. 23, pp. 1-2). In the R&R's Discussion section, Magistrate Judge Mehalchick sets forth the appropriate standard of review for a preliminary injunction, which is adopted as such. (Id. at 2-3). Ultimately, Magistrate Judge Mehalchick concludes that this Court "lacks the authority to grant Plaintiff's requested injunctive relief" because this request is entirely unrelated to the claims that have been raised against officials at SCI-Rockview, not where he is currently confined. (Id. at 3-4). Additionally, Magistrate Judge Mehalchick states that, to the extent that the "nature of his accommodations interfere[] with his ability to adequately prepare litigation papers in a timely fashion," the more appropriate remedy would be for Plaintiff to request

an extension of time when necessary. (Doc. 23, p. 4). Moreover, as discussed in the R&R, it has been held that there is no constitutional right to a typewriter, and, therefore, this Court is under no obligation to grant Plaintiff's injunctive request. (Id.); see Jacobs v. District Attorney's Office, 2013 WL 3773419, at *1 (M.D. Pa. July 17, 2013) (citing Bounds v. Smith, 430 U.S. 817, 821 (1977)). As a result, Magistrate Judge Mehalchick recommends that this Court deny Plaintiff's "motion for order." (Id.).

Upon review of the R&R, and in the absence of objections, it is determined that there is no clear error with the R&R's recommendation. As such, the R&R will be adopted, and Plaintiff's "motion for order" will be denied.

A separate Order will be issued.

**Date**: March 11, 2015

/s/ **William J. Nealon**
**United States District Judge**