# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY SALTALAMACCHIA, <br><br> Plaintiff, <br><br> v. <br><br> JOHN WENTZEL, et al., <br><br> Defendants | CIVIL ACTION NO. 3:14-CV-00868 <br><br> (NEALON, J.) <br> (MEHALCHICK, M.J.) |

## REPORT AND RECOMMENDATION

This is a *pro se* action for damages and injunctive relief pursuant to 42 U.S.C. § 1983 filed by Plaintiff Anthony Saltalamacchia, an inmate currently incarcerated at the State Correctional Institution-Benner ("SCI-Benner") located in Bellefonte, Pennsylvania. The allegations that give rise to this action occurred while Plaintiff was incarcerated at the State Correctional Institution-Rockview ("SCI-Rockview"), also located in Bellefonte, Pennsylvania. Plaintiff asserts a variety of federal civil rights claims and state law claims against 20 Defendants, all of whom appear to be connected with the Pennsylvania Department of Corrections ("DOC"). Currently pending before the Court is a motion to dismiss Plaintiff's second amended complaint, filed jointly on behalf of all Defendants. (Doc. 66).

### I. BACKGROUND

The original complaint in this matter was filed on May 6, 2014 (Doc. 1), along with a subsequently granted motion for leave to proceed *in forma pauperis* (Doc. 2). In his original complaint, Plaintiff asserted federal civil rights claims under 42 U.S.C. § 1983 and several state law claims against 48 DOC Defendants based on events alleged to have occurred while Plaintiff was incarcerated at SCI-Rockview between March 2, 2012 to January 15, 2013. (Doc. 1, ¶ 6).

Upon conducting its statutorily-mandated screening review of the complaint prior to service of process, the District Court dismissed several claims and Defendants with prejudice, dismissed other claims without prejudice, and directed Plaintiff to file an amended complaint within thirty days. (Doc. 7; Doc. 14; Doc. 15); *see also* 28 U.S.C. § 1915A(a) (screening of prisoner complaints seeking redress from a governmental employee); 28 U.S.C. § 1915(e)(2)(B)(ii) (screening of complaints brought *in forma pauperis*); 42 U.S.C. § 1997e(c)(1) (screening of complaints concerning prison conditions).

Plaintiff filed an amended complaint on January 5, 2015. (Doc. 17). The amended complaint, totaling 283 paragraphs, purported to allege a total of 114 legal claims against 41 Defendants for violations of various federal civil rights and state laws. (Doc. 17, ¶¶ 155-268). Plaintiff divided his amended complaint into 10 "sets of claims," which combine to span the length of his 319-day incarceration at SCI-Rockview. (Doc. 17). After accepting service of Plaintiff's amended complaint, Defendants filed a joint motion to dismiss on December 21, 2015 (Doc. 46), along with a brief in support thereof (Doc. 47). Once the matter became ripe for disposition, the undersigned issued a report and recommendation (Doc. 61), recommending dismissal of the Amended Complaint. That report and recommendation was adopted, in part, by the District Court, on September 30, 2016 (Doc. 64).

On November 3, 2016, Plaintiff filed his second amended complaint. (Doc. 65). This second amended complaint consists of 271 paragraphs, and purports to allege 96 counts against 20 Defendants for violations of federal civil rights and state laws, including violations of equal protection, retaliation, deliberate indifference, excessive force, negligence, and negligent and intentional infliction of emotional distress. (Doc. 65). Defendants have filed a motion to dismiss (Doc. 66) the second amended complaint pursuant to Federal Rules of Civil Procedure 8 and

20, and on statute of limitations grounds. This matter having been fully briefed, it is ripe for consideration.

II. **MOTION TO DISMISS STANDARD**

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Although the Court must accept the fact allegations in the complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)). Additionally, a court need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court of the United States held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In deciding a Rule 12(b)(6) motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of

which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

In addition to the pending motion to dismiss, the Court maintains the right to screen and dismiss cases brought *in forma pauperis* if at any time the Court determines that the case fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). In performing this mandatory screening function, the Court applies the same standard applied to motions to dismiss under Rule 12(b)(6). *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010).

A document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

### III. DISCUSSION

#### A. IMPROPER JOINDER

In their motion to dismiss, Defendants argue that Plaintiff's amended complaint fails to comply with Rule 8 and Rule 20 of the Federal Rules of Civil Procedure. (Doc. 67, at 4-7). Under Rule 8, a pleading "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Rule 20 provides, in relevant part:

> **(2) *Defendants*.** Persons . . . may be joined in one action as defendants if:
> **(A)** any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> **(B)** any question of law or fact common to all defendants will arise in the action.
> Fed. R. Civ. P. 20(a)(2).

Thus, "Rule 20(a) imposes two specific requirements for the permissive joinder of defendants: (1) a right to relief must be asserted by the plaintiff against each defendant relating to or arising

out of the same transaction or series of transactions; *and* (2) some common question of law or fact must be present with respect to all parties in the action (i.e. a common thread)." *Intercon Research Assocs., v. Dresser Indus.*, 696 F.2d 53, 57 (7th Cir. 1982). "Courts have broad discretion in applying Rule 20 to reduce inconvenience, delay, and added expense to the parties and to the court, and to promote judicial economy." *Scullen v. Mahally*, No. 3:CV-16-0965, 2016 WL 3522966, at *2 (M.D. Pa. June 28, 2016). Furthermore, "[w]hile the requirements of Rule 20(a) are to be liberally construed in the interest of convenience and judicial economy, the policy of liberal application of Rule 20 is not a license to join unrelated claims and defendants in one lawsuit." *Washington v. Folino*, No. CIV.A. 11-1046, 2013 WL 998013, at *3 (W.D. Pa. Feb. 28, 2013), *report and recommendation adopted*, No. CIV.A. 11-1046, 2013 WL 980608 (W.D. Pa. Mar. 13, 2013).

Where, as is the case here, a prisoner brings suit while proceeding *in forma pauperis*, Rule 20 takes on additional importance in light of the Prison Litigation Reform Act of 1995 ("PLRA"). *Folino*, 2013 WL 998013, at *3 n.1. Specifically, the PLRA requires that prisoner-plaintiffs must ultimately pay the full filing fee for a lawsuit, and provides that a prisoner may be barred from proceeding *in forma pauperis* if that prisoner previously brought three or more actions *in forma pauperis* while incarcerated that were dismissed as frivolous, malicious, or for the failure to state a claim. 28 U.S.C. § 1915(b), (g). Accordingly, a prisoner-plaintiff who is permitted to combine separate, independent claims into one complaint is able to circumvent the PLRA's filing fee requirements and potential "three strikes" limitation. *Folino*, 2013 WL 998013, at *3 n.1; *cf. Carter v. Bank of Am., N.A.*, No. 1:11CV326, 2012 WL 2090530, at *2 (W.D.N.C. June 11, 2012) ("[T]he filing of a single lawsuit containing what are, in fact, separate lawsuits creates inaccurate filing statistics for this District, which could impact the

resources allocated to the District.").

Here, Plaintiff's second amended complaint consists of a catalogue of accusations encompassing the duration of his incarceration at SCI-Rockview. (Doc. 65). The second amended complaint is vast in scope, containing 271 paragraphs and a purported 96 counts, divided into 11 sets of claims, asserted under state and federal law, against at least 20 Defendants. (Doc. 65). Defendants contend, and this Court agrees, that the sheer size of the second amended complaint and number of distinct legal claims renders the efficient litigation of this case extremely difficult for both the parties and the Court. (Doc. 67, at 6). Thus, even liberally construed, the Court finds that Plaintiff's amended complaint satisfies neither the requirement under Rule 8(d)(1) that pleadings must be "simple, concise, and direct" nor Rule 20(a)'s joinder requirements.

The separate and distinct events and claims in Plaintiff's second amended complaint do not "aris[e] out of the same transaction, occurrence or series of transactions or occurrences" and do not raise a "question of law or fact common to all [D]efendants," as is required by Rule 20. Fed. R. Civ. P. 20(a)(2). As in the last amended complaint, the separate groups of claims appear to be separate transactions, allegedly committed by largely different actors at divergent times and places. Plaintiff does not assert all 96 claims against all 20 Defendants; each claim is brought only against one or a group of particular Defendants. (Doc. 65). For example, Plaintiff's claims arising from different occasions where he was allegedly denied adequate medical treatment are not properly joined in the same lawsuit with claims alleging that different Defendants denied Plaintiff's rights under federal and state law by stealing his legal materials. Further, different sets of claims are alleged to have taken place in different housing units of SCI-Rockview. Simply put, the Federal Rules of Civil Procedure do not authorize Plaintiff's joinder

6

of unrelated claims across unrelated Defendants. *Cf. George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this 50–claim, 24–defendant suit produced but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.").

In his brief in opposition to the motion to dismiss, Plaintiff simply argues that his claims conform to the Federal Rules. (Doc. 69-1). This argument falls short. "[G]iven the hodgepodge of claims raised," the Court recommends that Plaintiff's second amended complaint be dismissed. *Boretsky v. Governor of New Jersey*, 433 F. App'x 73, 77 (3d Cir. 2011) (not precedential). Although the Third Circuit has instructed district courts to permit a curative amendment if a complaint is vulnerable to dismissal for failure to state a claim, the Court finds that such an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). A district court is justified in denying leave to amend upon "[a] plaintiff's 'repeated failure to cure deficiencies by amendments previously allowed . . . .'" *Kitko v. Young*, 575 F. App'x 21, 27 (3d Cir. 2014) (not precedential) (quoting *Long v. Wilson,* 393 F.3d 390, 400 (3d Cir. 2004)). Given that both the undersigned and the District Court have warned Plaintiff about the deficiencies in Plaintiff's complaints, and particularly about improper joinder, the Court does not recommend granting Plaintiff leave to amend to file a third amended complaint.[1]

---

[1] In addition to their argument that Plaintiff's second amended complaint fails to comply with Rules 8 and 20, Defendants also assert that many of Plaintiff's claims are barred by the applicable statute of limitations. (Doc. 67, at 8). "[A] § 1983 claim is governed by the statute of limitations that applies to personal injury tort claims in the state in which such a claim arises."

**IV. RECOMMENDATION**

Based on the foregoing, it is recommended that Defendants' motion to dismiss (Doc. 66) be **GRANTED**, and Plaintiff's second amended complaint (Doc. 65) be **DISMISSED WITH PREJUDICE**. To the extent that Plaintiff believes that he has been subjected to more than one violation of his rights, and to the extent that these violations are unrelated to each other, he should file separate complaints addressing each violation.

BY THE COURT:

**Dated: June 9, 2017**            s/ Karoline Mehalchick
                                                      **KAROLINE MEHALCHICK**
                                                      **United States Magistrate Judge**

---

*Kach v. Hose,* 589 F.3d 626, 639 (3d Cir. 2009); *see also Burnett v. Grattan,* 468 U.S. 42, 49 (1984); 42 Pa. Cons. Stat. Ann. § 5524(7); *Kost v. Kozakiewicz,* 1 F.3d 176, 189-90 (3d Cir. 1993) (holding that Pennsylvania's two-year statute of limitations applies to claims for violations of constitutional rights brought pursuant to 42 U.S.C. § 1983). Further, Rule 15(c)(1) of the Federal Rules of Civil Procedure provides that "[a]n amendment to a pleading relates back to the date of the original pleading when . . . (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading . . . ." Fed. R. Civ. P. 15(c)(1)(B). Because the Court finds that Plaintiff's second amended complaint should be dismissed pursuant to Federal Rules of Civil Procedure 8 and 20, it need not reach Defendants' statute of limitations arguments.

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

ANTHONY SALTALAMACCHIA,

       Plaintiff,

  v.

JOHN WENTZEL, et al.,

       Defendants

CIVIL ACTION NO. 3:14-CV-00868

(NEALON, J.)
(MEHALCHICK, M.J.)

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **June 9, 2017**. Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: June 9, 2017

                                    s/ Karoline Mehalchick
                                    **KAROLINE MEHALCHICK**
                                    **United States Magistrate Judge**